SYLLABUS

(This syllabus is not part of the opinion of the Court. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Supreme Court. Please note that, in the interest of brevity, portions of any opinion may not have been summarized).

**Maryann Cottrell v. Zagami, LLC** (A-5-13) (072235)

**[NOTE: This is a companion case to Perez v. Zagami, LLC, also filed today.]**

Argued January 21, 2014 -- Decided May 21, 2014

PER CURIUM

In this appeal, and in the companion case of Perez v. Zagami, LLC, __ N.J. __ (2014), also decided today, the Court addresses whether the New Jersey Civil Rights Act (Act or CRA), N.J.S.A. 10:6-2(c), authorizes a private right of action against a person who is not acting under "color of law."

In 2006, Zagami, LLC (Zagami) applied to the Borough of Glassboro (Borough) for a renewal of its liquor license. Maryann Cottrell and Luis Perez, both Borough residents, opposed the renewal, and testified at a license renewal hearing that Zagami had committed several serious infractions. Nonetheless, the Borough Council renewed Zagami's liquor license. Thereafter, Zagami filed a defamation suit against Cottrell and Perez for their statements at the license renewal hearing. The defamation action eventually was dismissed by the Appellate Division on the grounds that the hearing was a "quasi-judicial" proceeding and that the residents' remarks were entitled to absolute immunity. Zagami, LLC v. Cottrell, 403 N.J. Super. 98 (App. Div. 2008), certif. denied, 198 N.J. 309 (2009).

On February 22, 2011, Cottrell filed an action against Zagami for malicious use of process, asserting that Zagami's defamation suit was designed to punish her for speaking out at the license renewal hearing and to stifle her participation in future proceedings. (Perez had instituted an identical action on July 26, 2010.) Cottrell also alleged that Zagami's actions had deprived her of a constitutional right in violation of the CRA. Zagami filed a motion to dismiss Cottrell's complaint, which the trial court granted. The court determined that Zagami's defamation claim was supported by probable cause and, therefore, Cottrell had no cognizable claim for malicious use of process. In respect of the CRA claim, the trial court found that the Act only authorizes private suits against persons acting "under color of law," and, consequently, Cottrell's CRA claim against Zagami failed for lack of state action.

On appeal, the Appellate Division reversed both determinations of the trial court. The panel found that Zagami's defamation suit was not supported by probable cause and, thus, that the trial court erred in dismissing Cottrell's malicious use of process claim. The Appellate Division also reversed the trial court's dismissal of Cottrell's CRA claim. The panel interpreted N.J.S.A. 10:6-2(c) as containing two distinct clauses, and reasoned that the "under color of law" language applies to private actions alleging an interference with protected rights but not to private actions alleging a deprivation of protected rights.

The Court granted certification in this matter and in Perez v. Zagami, LLC, to review whether the CRA permits a private right of action against an individual who is not acting under color of law. Cottrell v. Zagami, Inc., 215 N.J. 483 (2013); Perez v. Zagami, LLC, 213 N.J. 530 (2013).

**HELD**: For the reasons fully expressed in Perez, supra, __ N.J. at __ (slip op. at 21), a private CRA cause of action only may be pursued against persons acting under "color of law"; the Attorney General, however, is authorized to file CRA actions against persons whether or not they acted under "color of law."

1. The CRA contains two subsections authorizing causes of action that may be brought by the Attorney General: Subsection (a) governs claims against someone who, "whether or not acting under color of law, subjects or causes to be subjected any other person to the deprivation of" protected civil rights. N.J.S.A. 10:6-2(a) (emphasis added). Subsection (b) governs claims against someone who, "whether or not acting under color of law, interferes or attempts to interfere" with the exercise of protected civil rights. N.J.S.A. 10:6-2(b) (emphasis added). Perez, supra, __ N.J. at __ (slip op. at 6).

2.  The Act also authorizes a private right of action for deprivations of or interference with protected civil rights. N.J.S.A. 10:6-2(c) ("Any person who has been deprived of any substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States, or any substantive rights, privileges or immunities secured by the Constitution or laws of this State, or whose exercise or enjoyment of those substantive rights, privileges or immunities has been interfered with or attempted to be interfered with, by threats, intimidation or coercion by a person acting under color of law, may bring a civil action for damages and for injunctive or other appropriate relief.") (emphasis added).  At issue in this appeal is whether all private actions filed under subsection (c) require the presence of state action, or whether the "under color of law" condition is limited to claims based on interference with protected civil rights.  Perez, supra, __ N.J. at __ (slip op. at 7-10).

3.  Questions of statutory construction are reviewed de novo.  "'When interpreting statutory language, the goal is to divine and effectuate the Legislature's intent.'"  State v. Buckley, 216 N.J. 249, 263 (2013) (quoting State v. Shelley, 205 N.J. 320, 323 (2011)).  Although the Court begins its analysis with the statute's plain language, the punctuation of N.J.S.A. 10:6-2(c) confounds its clear meaning.  Specifically, the absence of a comma before the phrase "by a person acting under color of law" makes it unclear whether the phrase applies to all private actions, or solely to interference claims.  The grammatical construction of N.J.S.A. 10:6-2(c) would seem to suggest intent to divide the section into two distinct clauses – the first for deprivation claims and the second for interference claims – with the "color of law" language applying only to the interference clause.  However, punctuation is not necessarily controlling in the search for legislative intent.  Perez, supra, __ N.J. at __ (slip op. at 11-12).

4.  When construing a statute, "the intention of the Legislature is to be derived from a view of the entire statute" and all provisions "must be read together in light of the general intent of the act."  Hubner v. Spring Valley Equestrian Ctr., 203 N.J. 184, 195 (2010).  As such, the Court presumes that the Legislature created subsections (a), (b), and (c) as a cohesive whole.  If the Legislature intended for private claims based on the deprivation of civil rights to be actionable against private citizens, whether or not acting under color of law, it could have clearly expressed that intention in subsection (c) as it did in subsections (a) and (b).  Indeed, dividing subsection (c) into two distinct clauses – only the second of which is subject to the "color of law" provision – would require acceptance of a reading that defies the clarity of expression used by the Legislature in subsections (a) and (b).  In addition, it would render the first clause of subsection (c) – involving a private party's deprivation claim – as the only one in N.J.S.A. 10:6-2 not to have an identified actor who committed the violation.  Perez, supra, __ N.J. at __ (slip op. at 12-14).

5.  Because the language of N.J.S.A. 10:6-2(c) "does not lead to a single, clear meaning," the Court looks to the relevant legislative history.  State v. O'Driscoll, 215 N.J. 461, 474 (2013).  The CRA, enacted in 2004, was designed as a "State analog to the federal civil rights statute codified at 42 U.S.C.A. [§] 1983."  Governor's Statement on Signing Assembly Bill No. 2073 (Sept. 10, 2004).  With regard to the scope of subsection (c), the bill sponsors explained that "any individual may bring a [private] civil action if his rights, privileges or immunities have been deprived, interfered with or attempted to be interfered with by threats, intimidation or coercion by a person acting under color of law."  S. 1558 (Sponsor's Statement), 211th Leg. (May 6, 2004); Assemb. 2073 (Sponsor's Statement), 211th Leg. (Feb. 9, 2004).  The sponsors therefore regarded state action as an essential component of interference and deprivation claims under subsection (c).  That construction also comports with the CRA's purpose as a state law analogue to Section 1983, which only permits actions against persons acting "under color of" law. Perez, supra, __ N.J. at __ (slip op. at 14-16).

6.  In sum, the phrase "person acting under color of law" in N.J.S.A. 10:6-2(c) applies to deprivation as well as to interference claims brought by private party plaintiffs under the Act , notwithstanding the lack of a comma preceding the phrase "by a person acting under color of law" in subsection (c).  Perez, supra, __ N.J. at __ (slip op. at 17-21).  Notably, the Court's interpretation of the CRA does not leave Cottrell without a remedy from impermissible efforts to chill her right to speak out on a public interest topic at a quasi-judicial municipal hearing. Cottrell's speech is entitled to the immunity that comes from the litigation privilege, and, as such, the Appellate Division judgment restored Cottrell's malicious use of process claim against Zagami.  (pp. 4-5).

The judgment of the Appellate Division is **REVERSED** in part and the matter is **REMANDED** to the trial court for further proceedings consistent with the Court's opinion.

**CHIEF JUSTICE RABNER; JUSTICES LaVECCHIA, ALBIN, PATTERSON, and FERNANDEZ-VINA; and JUDGES RODRÍGUEZ and CUFF (both temporarily assigned) join in this opinion.**

MARYANN COTTRELL,

    Plaintiff-Respondent,

        v.

ZAGAMI, LLC, d/b/a THE
LANDMARK AMERICANA TAP AND
GRILL, d/b/a LANDMARK
LIQUORS, d/b/a THE SPOT,

    Defendant-Appellant.


        Argued January 21, 2014 – Decided May 21, 2014

        On certification to the Superior Court, Appellate Division.

        Sean X. Kelly argued the cause for appellant (Marks, O'Neill, O'Brien, Doherty & Kelly, attorneys; Mr. Kelly and Melissa J. Kanbayashi, on the briefs).

        Maryann Cottrell argued the cause pro se.


    PER CURIAM

    This appeal was heard as a companion to Perez v. Zagami, LLC, __ N.J. __ (2014), also decided today, in which we addressed whether the New Jersey Civil Rights Act (CRA), N.J.S.A. 10:6-1 to -2, authorizes a private right of action against a person not acting under color of law. The background to this appeal is intertwined with that of Perez. Therefore, we

1

include a brief summary of this related appeal's facts and procedural history.

Respondent, Maryann Cottrell, a resident and active community member of the Borough of Glassboro, was sued for defamation by Zagami, LLC, for statements she made during the June 26, 2006, hearing on Zagami's liquor license renewal. Zagami's defamation action eventually was dismissed by the Appellate Division on the grounds that the license renewal hearing was a "quasi-judicial" proceeding and that Cottrell's remarks were entitled to absolute immunity. Zagami, LLC v. Cottrell, 403 N.J. Super. 98, 104-06 (App. Div. 2008), certif. denied, 198 N.J. 309 (2009).

Following the dismissal of Zagami's defamation claim, Cottrell filed an action against Zagami for malicious use of process.[1] Cottrell asserted that Zagami's defamation suit was a Strategic Lawsuit Against Public Participation (SLAPP), or a SLAPP suit, designed to punish her for speaking out against Zagami at the liquor license renewal hearing and to stifle her participation in future proceedings. Cottrell's complaint also included a claim that Zagami's actions had deprived her of a constitutional right in violation of the CRA. Zagami filed a

---

[1] Cottrell's malicious use of process action was filed on February 22, 2011, seven months after Luis Perez had instituted an identical complaint against Zagami. See Perez, supra, __ N.J. at __ (slip op. at 4).

2

motion to dismiss the complaint, and Cottrell filed a cross-motion to add as a defendant the law firm that had represented Zagami in the defamation suit.

As in the Perez matter, the trial court granted Zagami's motion to dismiss and denied Cottrell's motion to amend her complaint. The court determined that Zagami's defamation claim was supported by probable cause and, therefore, Cottrell had no cognizable claim for malicious use of process. Further, the trial court found that the CRA, like 42 U.S.C.A. § 1983, only authorizes private actions against persons acting under color of law. As a result, the trial court concluded that Cottrell's CRA claim against Zagami failed for lack of state action.

The Appellate Division reversed both determinations on appeal. The panel found that Zagami's defamation claim was not supported by probable cause and, consequently, that the trial court erred in dismissing Cottrell's malicious use of process claim. The panel also reversed the trial court's dismissal of Cottrell's CRA claim. Under the panel's construction of the CRA, the "under color of law" language of N.J.S.A. 10:6-2(c) applies to private actions alleging an interference with protected rights but does not apply to private actions alleging a deprivation of protected rights.

We granted certification in this matter on the same limited issue on which we granted in Perez, namely, whether the New

3

Jersey Civil Rights Act permits a private right of action against an individual who is not acting under color of law.  215 N.J. 483 (2013).  For the reasons fully expressed in Perez, supra, __ N.J. at __ (slip op. at 21), we have construed the "under color of law" language contained in N.J.S.A. 10:6-2(c) to modify all private actions brought under the CRA.  We therefore reverse in part the judgment of the Appellate Division in this matter.  We add only the following.

Our conclusion with regard to when a private action may be pursued under the CRA does not leave Cottrell remediless from impermissible efforts to chill her right to speak out on a public interest topic at a quasi-judicial municipal hearing.  As the appellate proceedings in this matter confirmed, Cottrell's speech is entitled to the immunity that comes from the litigation privilege.  Zagami, supra, 403 N.J. Super. at 112.  In other words, Cottrell's criticism of Zagami at the license renewal hearing is protected speech.

The Appellate Division judgment restored Cottrell's malicious use of process claim against Zagami.[2]  Ibid.  Accordingly, she has a remedy; she can pursue her malicious use of process cause of action on remand.  Moreover, we note that,

_____

[2] We note, as did the Appellate Division, that, unlike Perez, Cottrell did not appeal the trial court's denial of her cross-motion to amend her complaint to add as a defendant the law firm retained by Zagami during the defamation suit.

4

in light of the absolute nature of the litigation privilege immunity, other remedies designed to deter frivolous litigation may be available in the future to persons like Cottrell whose civic nature prompts them to speak out on the public interest topics addressed in the quasi-judicial setting of a municipal liquor license renewal hearing.

The judgment of the Appellate Division is reversed in part and the matter is remanded.

CHIEF JUSTICE RABNER and JUSTICES LaVECCHIA, ALBIN, and PATTERSON, and JUDGES RODRÍGUEZ and CUFF (both temporarily assigned) join in this opinion.

SUPREME COURT OF NEW JERSEY

NO. ___A-5___ SEPTEMBER TERM 2013

ON CERTIFICATION TO ____Appellate Division, Superior Court____

MARYANN COTTRELL,

   Plaintiff-Respondent,

v.

ZAGAMI, LLC, d/b/a THE
LANDMARK AMERICANA TAP AND
GRILL, d/b/a LANDMARK
LIQUORS, d/b/a THE SPOT,

   Defendant-Appellant.

DECIDED _____May 21, 2014_____
_____Chief Justice Rabner_____ PRESIDING
OPINION BY _____Per Curiam_____
CONCURRING/DISSENTING OPINIONS BY _____
DISSENTING OPINION BY _____

| CHECKLIST | REVERSE IN PART/ REMAND | |
|---|---|---|
| CHIEF JUSTICE RABNER | X | |
| JUSTICE LaVECCHIA | X | |
| JUSTICE ALBIN | X | |
| JUSTICE PATTERSON | X | |
| JUDGE RODRÍGUEZ (t/a) | X | |
| JUDGE CUFF (t/a) | X | |
| TOTALS | 6 | |